UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON & HAUBERT, PLLC,<br><br>   Plaintiff,<br><br>  v.<br><br>YAHOO! INC.,<br><br>   Defendant.<br>_____/ | No. C-13-5879 EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO POST AN UNDERTAKING TO SECURE COSTS**<br><br>**(Docket No. 22)** |

## I. INTRODUCTION

Before the Court is Defendant Yahoo! Inc.'s motion, pursuant to California Civil Procedure Code section 1030, to require Plaintiff Wilson & Haubert, PLLC to post an undertaking to secure its anticipated costs in defending this action. The Court finds this matter suitable for disposition without a hearing and thus **VACATES** the hearing on the motion set for April 10, 2014. The Court hereby **DENIES** the motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Wilson & Haubert, PLLC – a small business based in Arkansas – filed the instant putative class action alleging that Yahoo! Inc.'s ("Yahoo") "Localworks" service did not operate as represented by Yahoo. Localworks is an "internet marketing tool offered by Yahoo! that purports to 'drive new leads [to the enrollee's business] by pushing your listing and expanded content out to 40+ key directories across the web.'" Complaint ¶ 10 (Dkt. No. 1). In addition, the service "purports to correct 'inconsistent information and missed marketing opportunities across all listed directories,'" thus making it "easy to correct errors and push new information out to those directories so your content is always up to date.'" *Id.*

On November 6, 2013, Plaintiff alleges it visited the Localworks home page, where it was prompted to enter information related to its business for a "free scan" to determine whether its information was "accurately listed in the web directories covered by a Localworks subscription." *Id.* ¶ 12. The scan reported over 100 inaccuracies relating to Plaintiff in the various web directories linked to Localworks. *Id.* ¶ 13. Plaintiff was informed that purchasing the Localworks services would "fix everything," paying the $89.97 quarterly fee by credit card. *Id.* ¶ 14. Plaintiff then filled out a personalized template which noted necessary changes to various websites. *Id.* ¶ 15. Localworks confirmed receipt of these changes the same day. *Id.*

Four days later, Plaintiff checked Yahoo's "Marketing Dashboard" – a Localworks feature that allowed enrollees to view the status of their listings in the directories – and was notified that its "listings had been published on all of the directories, with the possible exception of Bing and City Search." *Id.* ¶ 16. However, when Plaintiff manually checked directories, many of them did not display *any* listing for Plaintiff. *Id.* ¶ 17. Accordingly, Plaintiff alleges that Yahoo's representations that it had identified and corrected errors regarding Plaintiff's business information on 40+ sites, enrollment in Localworks did not actually provide these benefits. *Id.* ¶ 18. In fact, two weeks after enrolling in Localworks, Plaintiff alleges that the same "free scan" he ran two weeks earlier identified 122 errors in various web directories. *Id.*

Plaintiff's class action complaint asserts 5 causes of action: (1) Breach of contract; (2) unjust enrichment; (3) two causes of action for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (for both fraudulent business acts and practices and fraud/false advertising); and (4) false advertising in violation of Cal. Bus. & Prof. Code § 17500, *et seq.*

Yahoo has filed a motion to require an undertaking by Plaintiff to secure its reasonably anticipated costs pursuant to California Code of Civil Procedure section 1030. The bulk of Yahoo's motion is directed at establishing that there is a reasonable probability that it will prevail on the merits. First, Yahoo argues that Plaintiff does not have standing to pursue its claim because it did not enter into a contract for Localworks service – rather, an individual named "Wilson Dennis K" entered into the contract. Dkt. No. 22, at 6; Bhusan Decl. ¶ 5 (Dkt. No. 22-1). Second, Yahoo argues that Localworks would have worked for Plaintiff, but for the mistake in entering the name

1  "Wilson Dennis K" as the account name when signing up for Localworks. Dkt. No. 22.  Yahoo
2  contends that Plaintiff altered its account name subsequent to the initiating this lawsuit upon
3  realizing that the complained of injury was caused by its own – and not Localworks' – error.
4  Ultimately, Yahoo seeks to have this Court order Plaintiff to post a $22,000 bond to cover its
5  anticipated costs in defending this action.

6  In its opposition, Plaintiff attempts to refute Yahoo's factual assertions.  First, Plaintiff has
7  introduced exhibits showing that a Brandon M. Haubert, listed as an attorney at Wilson & Haubert,
8  PLLC, signed up for Localworks on November 6, 2013 and not a "Wilson Dennis K." Dkt. No. 28-
9  1.[1] It has additionally provided screenshots of the "marketing dashboard" that lists the account as
10 belonging to "Wilson & Haubert, PLLC." Dkt. No. 28-2.  Further, there is a November 12, 2013
11 email from Yahoo to Mr. Haubert which states, in part, "Congratulations!  Your Yahoo! Local
12 Enhanced Listing for Wilson & Haubert, PLLC has been posted." Dkt. No. 28-3. Finally, Plaintiff
13 have filed a declaration by Mr. Haubert which, in part, states that he has not "altered the listing
14 information for the Yahoo! Localworks account associated with Wilson & Haubert, PLLC at any
15 point subsequent to the filing of the above captioned action." Haubert Decl. ¶ 3 (Dkt. No. 28-4).
16 Plaintiff has also filed examples of web directories for which there is no apparent entry for Wilson &
17 Haubert, PLLC. Dkt. No. 28-5.  This evidence, Plaintiff argues, demonstrates that: (1) It committed
18 no error in signing up for Localworks; and (2) Localworks has not performed the promised services
19 to this day.

20 Yahoo disputes much of this evidence.  For instance, Yahoo has introduced a screenshot for
21 the Wilson & Haubert PLLC account showing that a number of third party websites have received
22 Plaintiff's information, which Yahoo argues demonstrates that Localworks did work as anticipated.
23 Yahoo further argues that Plaintiff's exhibits and declarations show that Brandon Haubert, and not
24 Plaintiff, entered into the Localworks contract, therefore depriving Plaintiff of standing.

---

[1] Plaintiff points out that the exhibit upon which Yahoo relies to demonstrate that the account was registered in the name of "Wilson Dennis K" is not from Yahoo's own records, but rather from a third-party contractor retained by Yahoo named "Yext."

### III. **DISCUSSION**

The Ninth Circuit has addressed the framework for the relief sought herein:

> There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs. "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved."

*Simulnet E. Assocs. v. Ramada Hotel Operating Co.,* 37 F.3d 573, 574 (9th Cir.1994) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2nd* § 2671). Accordingly, the application of California procedure is a matter within this Court's discretion.

Here, the Court is guided by California Code of Civil Procedure section 1030. Section 1030 provides, "[w]hen the plaintiff in an action . . . resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action . . . ." Cal. Code Civ. Pro. § 1030(a). "The purpose of the statute is to enable a California resident sued by an out-of-state resident 'to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction' " and to prevent out-of-state residents from filing frivolous lawsuits against California residents. *Alshafie v. Lallande,* 171 Cal. App. 4th 421, 428 (2009) (quoting *Yao v. Superior Court,* 104 Cal.App. 4th 327, 331 (2002)).

A defendant seeking to require Plaintiff to file a bond must establish a "reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding." Cal. Code of Civ. Proc. § 1030(b). This Court has previously noted that the "reasonable possibility" standard is relatively low. *See GeoTag, Inc. v. Zoosk*, No. C13-0217 EMC, 2014 WL 793526, at *3 (N.D. Cal. Feb. 26, 2014). Thus, a defendant need not show that there is "no possibility" that plaintiff would win at trial, "but only that it [is] reasonably possible that the defendant will] win." *Baltayan v. Estate of Getemyan*, 90 Cal. App. 4th 1427, 1432 (2001). At the same time, the "reasonable possibility" standard is not so low as to be non-existent. The Court declines to read

section 1030 so broadly as to require every out-of-state litigant who brings a non-frivolous suit in California to post a bond simply because there is a reasonable chance the defendant *may* prevail.

As the Ninth Circuit, speaking generally about bond requirements such as section 1030, has noted, "'[w]hile it is neither unjust nor unreasonable to expect a suitor to put his money where his mouth is, toll-booths cannot be placed across the courthouse doors in a haphazard fashion.'" *Simulnet*, 37 F.3 at 576 (quoting *Aggarwal v. Ponce Sch. of Medicine*, 745 F.2d 723, 727-28 (1st Cir. 1984)). This concern is rooted in the fact that courts must take care "not to deprive a plaintiff of access to the federal courts." *Id.* Accordingly, the Court agrees with those district courts located in California which have held that, in applying section 1030, a court must consider not only the extent of the requested bond, but also the "degree of probability/improbability of success on the merits, and the background and purpose of the suit." *Gabriel Technologies*, 2010 WL 3718848, at *2; *see also Susilo v. Wells Fargo Bank, N.A.*, No. CV 11-1814 CAS (PJWx), 2012 WL 5896577 (C.D. Cal. Nov. 19, 2012) (same); *Plata v. Darbun Enterprises, Inc.*, No. 09cv44-IEG(CAB), 2009 WL 3153747, at *12 (same). In light of this standard, the Court denies Yahoo's motion.

First, the Court rejects – for purposes of the instant motion– Yahoo's argument that Plaintiff lacks standing to assert its claims. Yahoo attempts to make much from the fact that the Localworks contract was entered into by Mr. Haubert. However, entities, whether corporations or professional limited liability companies like Plaintiff, can only operate through individuals. Plaintiff's exhibits show emails confirming the Localworks enrollment being sent to an email address for Mr. Haubert that is associated with Wilson & Haubert, PLLC.. *See* Dkt. No. 28-1. Further, Mr. Haubert has declared that he is a "named partner at Wilson & Haubert, PLLC" and that he is the "sole party at Wilson & Haubert, PLLC involved with the Yahoo! Localworks account associated with Wilson & Haubert, PLLC." Haubert Decl. ¶ 1, 2. Given Plaintiff's status as an entity and that Mr. Haubert is one of Plaintiff's named partners, the Court cannot conclude at this stage that Plaintiff lacks standing because Mr. Haubert may have been the individual who entered into the agreement. Rather, the question of whether Mr. Haubert was acting in his role as agent for Plaintiff is one of several factual disputes raised in this action.

Second, to the extent that the parties dispute whether Localworks is operating as described and, if not, who caused this failure, Yahoo has shown a possibility of success on the merits. However, this possibility appears no greater on this record than any other case where the parties' proffered facts are mutually disputed. Yahoo has introduced exhibits and declarations calling into question the merits of Plaintiff's claims. Plaintiff has responded with exhibits and declarations purporting to refute Yahoo's contentions. Yahoo has not shown a possibility of success on the merits which warrant the posting of a bond. *See Gabriel Technologies*, 2010 WL 3718848, at *2 (stating that courts should consider the "degree of probability/improbability of success on the merits, and the background and purpose of the suit"). Nor is there any showing that the background or purpose of this suit is improper.

Finally, while not expressly articulated in section 1030, the Court finds significant, as an exercise of its power to manage cases, the fact that Yahoo has not demonstrated that there is a risk that it would be unable to recover costs from Plaintiff in the event it prevails in this action. *See Susilo*, 2012 WL 5896577, at *2 ("Without any particularized showing that there is a real risk of defendants being unable to recover costs and attorney's fees to which they are entitled, there is simply no basis on which to require plaintiff to post a bond."); *Plata*, 2009 WL 3153747, at *12 (denying a section 1030 motion, in part, because "Defendant has not set forth any details regarding its legitimate need for the prophylaxis of a bond in its moving papers").

### IV. CONCLUSION

For the foregoing reasons, Yahoo's motion to require Plaintiff to post an undertaking is **DENIED**.

This order disposes of Docket No. 22.

IT IS SO ORDERED.

Dated: April 4, 2014

_____
EDWARD M. CHEN
United States District Judge